990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda K. WOOD, Plaintiff-Appellant,
v.
Jane Doe MALONEY; Neil Maloney; Jane Doe Ostrander Defendants,
and
Steven C. Ostrander, Defendant-Appellee.
 No. 91-35872.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 13, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linda Wood appeals the district court's denial of her motions for a new trial and for leave to contact jurors after the trial. She claims that a juror who was dismissed before deliberations began may have improperly influenced the jury in its decision denying her claim against State Trooper Steven Ostrander under 42 U.S.C. § 1983. We affirm.
 
 
 3
 I. Facts.
 
 
 4
 This § 1983 action arises out of allegations that a state trooper left Wood without transportation at the side of the road at 2:30 in the morning, and she was raped by a person with whom she accepted a ride.[1] At trial, Wood and the trooper told sharply conflicting stories. The jury returned a verdict for the defense.
 
 
 5
 On Tuesday June 4, 1991, the district court empaneled a jury of six, plus one alternate. The jury was instructed not to discuss the case prior to deliberations. Before evidence was presented Monday, June 10, juror Robert Schultz told the court, outside the presence of the other jurors, that on Saturday morning he had recalled a circumstance four or five years ago involving Wood. Mr. Schultz said:
 
 
 6
 My son was going with her for two to three weeks and it broke up. He had two automobiles, and she was driving one. And she ended up having that automobile because, you know, he had already signed the title to somebody else and he lost that. And then it broke up and there was other--drugs involved in that.
 
 
 7
 The judge invited Wood's attorney to inquire, and he asked if Mr. Schultz had discussed this with any of the other jurors. Mr. Schultz said that he had not. Ms. Wood's attorney said he had no further questions. Counsel and the court agreed that Mr. Schultz should be excused, and he was. The judge instructed him not to tell the other jurors about the colloquy.
 
 
 8
 The jury was brought in, and the judge told them that Schultz had been excused because "he knew some of the people involved in the case ... through family members." Wood's attorney asked for no further inquiry or other relief until after the adverse verdict was returned and the jury discharged.
 
 
 9
 Wood argues that the district court erred by denying her post-trial motions for a new trial and for leave to contact jurors. She asserts that she was denied her constitutional right to a fair trial because of possible juror misconduct by Robert Schultz. We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. LaFleur, 952 F.2d 1537, 1542 (9th Cir.1991). The judge did not abuse his discretion in this case. When a party alleges juror misconduct, the district court must decide whether an evidentiary hearing is necessary to determine whether to grant a new trial. Hard v. Burlington Northern Railroad Co., 870 F.2d 1454, 1461 (9th Cir.1989). A hearing is justified only when the evidence of juror misconduct presented is sufficient on its face to require setting aside the verdict. Id. In this case, because no evidence of juror misconduct was presented, the judge properly did not bring all the jurors back for a hearing.
 
 
 10
 Although Schultz told the court that he did not speak of Wood to the other jurors, Wood contends that without interviewing the jurors, it is impossible to know whether he somehow conveyed his negative impression of her, directly or indirectly. The district judge stated in denying the motions that "[i]t is presumed that the jurors followed the court's repeated instructions not to discuss the case with each other during the trial." It concluded that Wood failed to raise "a serious question as to whether or not the rest of the jurors were subject to 'extraneous influences' from Mr. Schultz."
 
 
 11
 There was no evidence whatsoever of any juror misconduct. When court convened on Monday, Schultz told the judge that on Saturday he recalled knowing Wood. The judge excused Schultz before the trial resumed. Wood's attorney was allowed to examine Schultz. Schultz's answers demonstrated that he had not tainted the rest of the jury with his recollection. There was no reason to infer that Schultz lied, or that the jurors had violated the court's admonition.
 
 
 12
 Wood relies on United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982), and argues that she has shown a "possible incident of misconduct." Wood attempts to expand the word "possible." In Bagnariol, a juror independently researched evidence that was presented and told other jurors about his findings. Clearly, that juror had introduced extrinsic material into the jury room. Our holding in Bagnariol cannot be read to support expanding the term "possible" to include Wood's entirely unsupported conjecture that a juror might have done something wrong.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The facts of the underlying § 1983 dispute in this case are recited in greater detail in Wood v. Ostrander, 879 F.2d 583, 586 (9th Cir.1989)